David T. Gibbons, J.
In this proceeding pursuant to CPLR article 78 to review the determination of the respondent, New York State Commissioner of Social Services, which, after a fair hearing, affirmed the determination of the respondent, Nassau County Commissioner of Social Services, denying petitioner’s application for assistance in the payment of a hospital bill, petitioner’s request to proceed as a poor person is *1070 granted to the extent only that the clerk of this court shall issue an index number for this proceeding without the payment of any fee and judgment is granted to the petitioner, remanding this matter to the Nassau County Commissioner of Social Services, who is directed to reconsider this matter applying the utilization of excess income as set forth in section 360.5 (d) (2) (iii) of the regulations of New York State Department of Social Services (18 NYCRR 360.5 [d] [2] [iii]) rather than the standard set forth in section 360.5 (d) (2) (i) (18 NYCRR 360.5 [d] [2] [i]).
The difference between the two clauses is that section 360.5 (d) (2) (i), which is applicable to in-patient hospital care, provides for the consideration of a six months’ excess income as being an available resource, whereas section 360.5 (d) (2) (iii), which covers out-patient care and other forms of medical assistance, provides for the consideration of one month’s excess income as being an available resource for the payment of medical expenses.
The commissioner’s decision states that: "Pursuant to the provisions of section 366 (2) of the Social Services Law, in determining financial eligibility for a family household of eight persons, there is exempt from consideration income of $7,800.00 annually. The record clearly establishes that the family household had income in excess of that allowable exemption. This income, $2,436.00 on an annual basis, or $203.00 on a monthly basis, was available for the payment of medical expenses. Appellant’s medical expenses amounted to less than $893.30 hospital and other paid or unpaid medical expenses during six month period, Appellant’s excess income for a six month period is $1,218.00 [Section 360.5 of the Regulations of the State Department of Social Services] which is more than sufficient to meet the medical expenses incurred and the agency, therefore, correctly determined that the family household was not eligible for medical assistance.”
The petitioner does not dispute the income, but does dispute the availability of resources to meet the expenses.
In paragraph 8 of the answer submitted by the Attorney-General on behalf of the State commissioner, it is stated that "Since in-patient care is usually more expensive than outpatient care, it is reasonable to require a larger portion of income to be applied toward it. This method of determining eligibility provided in the regulations has a rational basis and should be sustained”.
*1071 The court does not agree that this regulation is founded on a rational basis and is in accordance with the Social Services Law of the State of New York. The disparate effect of utilizing supposedly "excess income” on a six-month basis under clause (i) and on a one-month basis under clause (iii) clearly discriminates against those individuals who, because of the nature of their particular medical problem, require, in a doctor’s opinion, hospitalization and not out-patient treatment. The fact that the expenses of in-patient care are more substantial makes the need for assistance greater, not less. Eligibility for medical assistance is set forth in section 366 of the Social Services Law, and nowhere in that statute is a distinction drawn between eligible persons who require in-patient care and eligible persons who require out-patient care.
Accordingly, section 360.5 (d) (2) of the Official Compilation of Codes, Rules and Regulations of the State of New York denies to the petitioner herein the equal protection of this statutory scheme, and such denial is clearly an abuse of administrative discretion. The determination of the availability of resources for the payment of medical expenses must be considered upon the same basis for both in-patient and outpatient expenses.